IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01503-MSK-STV

BILLY J. RADAN, also known as Ms. JAYDE MOONSHADOW

    Plaintiff,

v.

RICK RAEMISCH, in his official capacity, and
DARREN LISH, in his official capacity,

    Defendants.

---

## PROPOSED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference pursuant to Fed. R. Civ. P. 16(b) and Local Civil Rule 16.1 is scheduled for September 15, 2017 at 9:30 am in Courtroom C-203, Byron G. Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado. Appearing for the parties were:

 a. For the Plaintiff:

  Danielle C. Jefferis
  Olivia Kohrs, Student Attorney[1]
  David Valleau, Student Attorney[2]
  STUDENT LAW OFFICE
  University of Denver Sturm College of Law
  2255 E. Evans Ave., Suite 335

---

[1] Ms. Kohrs filed her Motion for Leave to Appear as a Student Attorney on August 30, 2017, and is awaiting the Court's Order. *See* Doc. 14.

[2] Mr. Valleau filed his Motion for Leave to Appear as a Student Attorney on August 30, 2017, and is awaiting the Court's Order. *See* Doc. 14.

Denver, CO 80208
djefferis@law.du.edu

b.  For Defendants:

Kathryn A. Starnella
Assistant Attorney General
Civil Litigation and Employment Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Kathryn.Starnella@coag.gov

## 2.    STATEMENT OF JURISDICTION

This action arises under the Constitution and laws of the United States and is brought under 42 U.S.C. § 1983. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1343. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b). All of the events and omissions giving rise to the claims asserted in this action occurred in the State of Colorado, and all of the parties were residents of Colorado at the time of these events and omissions.

## 3.    STATEMENT OF CLAIMS AND DEFENSES

a.  **Plaintiff:**

Plaintiff Jayde MoonShadow (aka Billy Radan) is currently incarcerated at Sterling Correctional Facility, a men's prison, and in the custody of the Colorado Department of Corrections ("CDOC"). Ms. MoonShadow is a transgender woman. This means she was assigned "male" at birth but identifies as female. Ms. MoonShadow cannot and will not hide her gender identity during her incarceration, and she should be allowed to live and present as a woman. She also requires constitutionally adequate medical care and

treatment for the severe pain and distress she experiences on an ongoing and persistent basis as a transgender woman living in a men's prison, which CDOC is not providing her.

Ms. MoonShadow spent much of her childhood presenting as a straight male, even though she did not identify that way. It was not until her teenage years and early adulthood that Ms. MoonShadow began her process to transition from her outward male appearance to a female identity. She did so slowly, exploring different options before learning about transgender identity and realizing that it explained how she had always felt. She began to wear makeup, wax, and grow out her hair.

As soon as she was first incarcerated in 2004, Ms. MoonShadow was forced to reside in a men's prison. She instantly felt the loss of her identity as a woman due to the strict limitations imposed upon male prisoners. CDOC, for example, did not allow her to wear make-up, wax or shave, or keep her hair grown out. All of these contribute to her ability to express her identity as a woman, and she was instantly deprived of them. Though CDOC now allows Ms. MoonShadow to grow her hair out and shave her body, she still lives in an environment which restricts how she may express her gender identity. Because of this, Ms. MoonShadow has suffered and continues to suffer severe psychological and emotional distress from the painful and forced discrepancy between her gender identity and her physical body.

Ms. MoonShadow also lives in an unsafe environment. Due to her identifying as a woman but being imprisoned in a men's prison, Ms. MoonShadow remains on guard at each moment for objectification, abuse, and violence from other prisoners and her incarcerators.

Ms. MoonShadow suffers from Gender Identity Disorder ("GID") (hereinafter referred to as "gender dysphoria"),[3] a diagnosis of which she received from CDOC in 2015. This diagnosis speaks to the physical and psychological pain and suffering Ms. MoonShadow experiences because of her gender identity, including the pain caused by her constant battle against society's misunderstanding of her identity and her attempts to conform her physical body to her identity. There is nothing inherently wrong with identifying as a different gender than assigned at birth. Transgender people, however, seek — and often require — medical treatment to help them live in a world and in a physical body that are in direct conflict with their identities.

But CDOC has thus far only provided Ms. MoonShadow with very few resources to provide limited relief for her gender dysphoria – namely feminizing hormone therapy.[4] CDOC's Scope of Treatment policy expressly limits the scope of gender dysphoria treatment for all transgender prisoners to hormone therapy only. However, this is insufficient to alleviate Ms. MoonShadow's suffering – she still experiences gender dysphoria through her physical body and her inability to outwardly affirm her gender identity. This dysphoria leads to severe psychological and emotional distress. She has submitted requests to numerous individuals within CDOC for facial feminization treatment and gender reassignment surgery to help further alleviate her suffering. Defendants and

---

[3] "Gender Identity Disorder" is no longer the accepted nomenclature among medical professionals working with this population. "Gender dysphoria," which reflects the fact that transgender people are not inherently "disordered," is now the accepted diagnostic term. The two terms are equivalent, and Ms. MoonShadow will use "gender dysphoria" in place of "Gender Identity Disorder" here and in all future filings.

[4] While not at issue in this case, CDOC has also represented recently that the agency has provided Ms. MoonShadow with sports bras due to her developing breasts as a result of the feminizing hormone therapy.

CDOC have denied all of these requests, thereby demonstrating deliberate indifference to Ms. MoonShadow's serious medical needs and causing her unnecessary pain and psychological suffering. Ms. MoonShadow is constitutionally entitled to adequate medical care, and Defendants and CDOC have failed to provide that for her.

Ms. MoonShadow claims that Defendants violated the Eighth Amendment by failing to provide adequate medical care and treatment causing her to suffer substantial harm, including physical pain and psychological distress. She also alleges Defendants acted and continue to act with deliberate indifference in violation of the Eighth Amendment by refusing to consider individualized treatment including, but not limited to, gender reassignment surgery and facial feminization for any prisoner diagnosed with GID.

**b. Defendants:**

Defendants deny that they have violated the Eighth Amendment rights of Plaintiff Billy Radan a/k/a Ms. Jayde MoonShadow by not providing her gender reassignment surgery or facial feminization surgery as covered benefits. Defendants also deny that their policies governing gender dysphoria treatment services (Administrative Regulation 700-14) are facially unconstitutional. For their defenses and affirmative defenses, Defendants assert that Ms. MoonShadow's claims do not rise to the level of constitutional violations sufficient to state a claim under 42 U.S.C. § 1983; Ms. MoonShadow has been afforded all the rights, privileges, and immunities granted by the United States Constitution; and Defendants' actions, applicable CDOC regulations, and state laws are supported by legitimate penological interests, goals, and objectives; and Ms. MoonShadow is not entitled to injunctive relief.

### 4.      UNDISPUTED FACTS

The following facts are undisputed:

    a.  Ms. MoonShadow is a transgender woman; she was born a male, but identifies as a woman and feels trapped in a man's body.

    b.  Ms. MoonShadow is a Colorado Department of Corrections (CDOC) inmate.

    c.  Under the Eighth Amendment of the Constitution, prison officials must provide adequate medical care to prisoners, who rely entirely on the prison system for their medical needs.

    d.  Ms. MoonShadow is constitutionally entitled to receive adequate medical care.

    e.  According to Administrative Regulation (AR) 700-14, which governs the scope of services for the treatment of gender dysphoria, offenders are housed according to their gender, as defined by their genitalia.

    f.  According to AR 700-14, cosmetic or elective procedures for purposes of sex reassignment are not covered benefits and will not be provided to any offenders incarcerated in the CDOC. AR 700-14 does not define "cosmetic or elective."

    g.  The WPATH Standards of Care, seventh edition, states, "[h]ealth care for transsexual, transgender, and gender nonconforming people living in an institutional environment should mirror that which would be available to them if they were living in a non-institutional setting within the same community."

    h.  WPATH Standards of Care, seventh edition, states, "While many transsexual, transgender, and gender nonconforming individuals find comfort with their gender

identity, role, and expression without surgery, for many others [sex reassignment] surgery is essential and medically necessary to alleviate their gender dysphoria."

i. CDOC prescribed Ms. MoonShadow female hormones, which she has been taking since May 2015.

j. The WPATH Standards of Care, seventh edition, state that gender dysphoria treatment may include gender reassignment surgery and facial feminization. Each individual's treatment needs will vary based on their unique symptoms and specific circumstances.

k. Ms. MoonShadow has requested gender reassignment surgery via grievances. These requests were denied.

## 5.    COMPUTATION OF DAMAGES

a. **Plaintiff:**

Ms. MoonShadow does not seek any damages; she only seeks injunctive relief. Plaintiff reserves the right to assert any and all entitlement to costs and attorney's fees as set forth by applicable federal or Colorado state law.

b. **Defendants:**

Defendants are not seeking damages at this time.  Defendants reserve the right to assert any and all entitlement to costs and attorneys' fees as set forth by applicable federal or Colorado state law.

## 6.    REPORT OF PRE-CONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:**

August 23, 2017 (via telephone).

b. **Names of each participant and the party he/she represented:**

Plaintiff was represented by Danielle Jefferis, Alexandra Parrott, Student Attorney[5], David Valleau, Student Attorney, and Olivia Kohrs, Student Attorney, of the University of Denver Student Law Office.

Defendants Raemisch and Lish were represented by Kathryn A. Starnella, Assistant Attorney General, Civil Litigation and Employment Law.

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

The parties will make disclosures by September 6, 2017.

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

None.

e. **Statement concerning any agreements to conduct informal discovery:**

Plaintiff is open to informal discovery.   Defendants are not inclined to conduct informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties are willing to cooperate to reduce the costs of litigation.  The parties agree to a unified exhibit numbering system.

---

[5] Ms. Parrott anticipates filing her Motion for Leave to Appear as a Student Attorney on or around January 2, 2018.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Plaintiff anticipates her claim will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Defendants anticipate that discovery will include electronically stored information; however, they do not anticipate that the files will be "extensive" or "substantial."  The parties are willing to agree to produce discovery in electronic form where practical.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

Plaintiff is open to reasonable settlement offers.  Defendants wish to proceed with discovery at this time.

### 7.    CONSENT

All parties have not consented to the jurisdiction of a magistrate judge.

### 8.    DISCOVERY LIMITATIONS

a. **Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

If this case is consolidated with *Radan v. Raemisch*, No. 16cv01717, D. Colo., the parties propose a combined total of (7) depositions per side, including experts, and 35 interrogatories per side in the consolidated cases.

If this case is not consolidated with the 2016 case, Plaintiff proposes seven (7) depositions per side in this case, including experts, and does not propose modifications to the presumptive number of 25 interrogatories per side. Defendants propose a total of 5 depositions per side, including experts, and 10 interrogatories for this 2017 case.

b. **Any limits which any party wishes to propose on the length of depositions:**

Seven (7) hours maximum for each deponent. Any 30(b)(6) deposition may be extended, pending agreement of counsel.

c. **Limitations which any party proposes on the number of requests for production of documents and/or requests for admission:**

If this case is consolidated with the 2016 case, the parties propose a combined total of 35 requests for production of documents per side and 35 requests for admissions per side in the consolidated cases.

If this case is not consolidated with the 2016 case, Plaintiff proposes twenty-five (25) requests for the production of documents and twenty-five (25) requests for admission per side for this case. Defendants propose a total of 10 requests for production and 10 requests for admission for this 2017 case.

d. **Other Planning or Discovery Orders:**

None.

### 9.    CASE PLAN AND SCHEDULE

A joint motion to consolidate was filed July 10, 2017 to consolidate this case with its sister case, Civil Action No. 16-cv-01717-MSK-STV (Document 87). The Court has not yet entered an Order on this motion.  The parties eagerly await a ruling.

a. **Deadline for Joinder of Parties and Amendment of Pleadings:**

October 16, 2017.

b. **Discovery Cut-off:**

The parties agree to January 12, 2018 if the 2016 and 2017 cases are consolidated.  If the cases are not consolidated, the parties agree to March 16, 2018.

c. **Dispositive Motion Deadline:**

The parties agree to February 12, 2018 if the 2016 and 2017 cases are consolidated.  If the cases are not consolidated, the parties agree to April 16, 2018.

d. **Expert Witness Disclosure:**

1. **The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff may designate an expert witness regarding medical care and treatment for transgender individuals.

Defendants anticipate the following fields of expert testimony: (1) treatment of gender dysphoria, in general, and with respect to Ms. MoonShadow, in particular; and (2) prison operations and security, including, but not limited to, the housing of transgender offenders.  Defendants also anticipate any expert necessary for rebuttal and/or impeachment purposes.

2. **Limitations which the parties propose on the use or number of expert witnesses.**

The parties agree to two affirmative experts per side.

3. **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

The parties agree to November 13, 2017 if the 2016 and 2017 cases are consolidated.  If the cases are not consolidated, the parties agree to December 15, 2017.

4. **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

The parties agree to December 13, 2017 if the 2016 and 2017 cases are consolidated.  If the cases are not consolidated, the parties agree to January 30, 2018.

e. **Identification of Persons to Be Deposed:**

| Name of Deponent | Date and Time of Deposition | Expected Length of Deposition |
|---|---|---|
| Colorado Department of Corrections Designee/s (FRCP 30(b)(6)) | TBD | 7 hours |
| Rick Raemisch | TBD | 7 hours |
| Darren Lish | TBD | 7 hours |
| Billy Radan a/k/a Jayde MoonShadow | TBD | 7 hours |
| Any Affirmative and/or Rebuttal Expert Witnesses designated by Defendant | TBD | 7 hours |

| Any Affirmative and/or Rebuttal Expert Witnesses designated by Plaintiff | TBD | 7 hours |
|---|---|---|
| Other TBD deponents | TBD | TBD |

f. **Deadline for Interrogatories:**

All interrogatories shall be served on the opposing party no later than 33 days prior to the discovery cut off.

g. **Schedule for Request for Production of Documents/Requests to Admit:**

All requests for production of documents and requests to admit shall be served on the opposing party by no later than 33 days prior to the discovery cut off.

## 10.    DATES FOR FURTHER CONFERENCES

a. A settlement conference will be held on _____ at _____ o'clock ___.m.

b. A final pretrial conference will be held in this case on _____at _____ o'clock ___.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11.    OTHER SCHEDULING ISSUES

a. **Identify those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement:**  None.

b. **Anticipated length of trial and whether trial is to the court or jury:**

If this case is not consolidated with Civil Action No. 16-cv-01717-MSK-STV, the parties anticipate a four (4) day trial. If this case is consolidated, Plaintiff anticipates a six (6) day trial; Defendants anticipate a five (5) day trial.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N.**

**Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.** None.

### 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.   AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado this ___ day of September 2017.

BY THE COURT:

_____

Scott T. Varholak
United States Magistrate Judge

Approved:

*s/ Olivia Kohrs*
Olivia Kohrs, Student Attorney*

*s/ David Valleau*
David Valleau, Student Attorney*

*s/ Danielle C. Jefferis*
Danielle C. Jefferis
Alexandra Parrott, Student Attorney
STUDENT LAW OFFICE
University of Denver Sturm College of Law
2255 E. Evans Ave., Suite 335
Denver, CO 80208
Telephone: 303.871.6155
djefferis@law.du.edu

*Attorneys for Plaintiff*

* Motion for Leave to Appear as Student Attorney pending.

*s/ Kathryn A. Starnella*
Kathryn A. Starnella
Assistant Attorney General
Civil Litigation and Employment Section
Ralph L. Carr Colorado Judicial Center
1300 Broadway
Denver, CO 80203
Telephone: 720.508.6176
kathryn.starnella@coag.gov

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this September 8, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send electronic notification to the following e-mail address:

Kathryn A. Starnella
Kathryn.Starnella@coag.gov

*Attorney for Defendants*

*s/ Danielle C. Jefferis*
Danielle C. Jefferis
